THE CHAUTAUQUA LAKE MILLS, Respondent, *v.* FRANK HEWES and CASSIUS M. C. HEWES, Appellants.

(County Court, Chautauqua County, August, 1907.)

Evidence — Documentary evidence — Books of account — Entries made by clerks, bookkeepers and third persons.
Sales — Remedies of seller — Action for price — Sufficiency of evidence.

> Upon the trial of an action for a quantity of bran sold and delivered to defendants by plaintiff's salesman at plaintiff's mill, a memorandum of the transaction made by the salesman at the time and which he testifies is correct, in the absence of testimony by the salesman that he had no recollection of the transaction, is incompetent; but where upon cross-examination he testifies that he does not remember anything particular about the day, or whether either of the defendants was there, or that they told him to charge the feed to them when they came for it, error, if any, in the reception of the memorandum, which, in the absence of its return on appeal from a judgment for plaintiff, must be presumed to have been sufficient, is cured.
>
> The positive testimony of the salesman that defendants came to plaintiff's mill and purchased the bran, as against that of both defendants who denied receiving it, presented a question of fact, and a judgment entered upon the verdict of the jury in plaintiff's favor will be affirmed.

APPEAL from a judgment in favor of plaintiff, rendered by a justice's court.

C. F. Chapman, for appellants.

Van Dusen & Martin, for respondent.

OTTAWAY, J. This action was brought by the plaintiff to recover the value of a quantity of bran claimed to have been sold and delivered to defendants by the salesman of the plaintiff. Upon the trial of the action the salesman of the plaintiff testified that the defendants came to the mill of plaintiff and got a ton of bran which was charged to the defendants; that he made a memorandum of the transaction

at the time, and that the memorandum was correct. The plaintiff's attorneys then offered in evidence the memorandum. Objection was made by defendants' attorney on the ground that it was incompetent. The objection was overruled and the memorandum received. In the absence of testimony by the plaintiff's witness that he had no recollection of the transaction, the reception of this evidence was error. The defendants' objection that it was incompetent was sufficient, and were it not for subsequent events in the history of the trial its receipt would be sufficient grounds for the reversal of the judgment rendered herein. Upon cross-examination the witness testified that he did not remember anything particular about the day. He testified " I go by the entry. I don't remember that either one of the defendants was there that day. I don't remember that they told me to charge feed to them when they came after it." It is claimed by the plaintiff's attorneys that this evidence made the memorandum competent and cured the error committed by its reception. The memorandum is not returned for the information of this court. Under this evidence certain memoranda would have been competent, and in the absence of any return as to the contents of the memorandum under the rule laid down for the guidance of appellate courts in the review of justices' judgments the memorandum must be presumed to have been sufficient and competent. In view of the positive testimony of the witness for the plaintiff that the defendants came to the mill and purchased the bran the court would not be authorized in reversing the judgment rendered upon the verdict of a jury, even though it appears that both defendants deny receiving the bran. The evidence raised a question of fact peculiarly within the province of a jury to determine.

Judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to respondent.